UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-230-KKC

ERIC PAULEY,                                                                                           PLAINTIFF,

v.                                           **OPINION AND ORDER**

UHS OF RIDGE, INC. d/b/a
The Ridge Behavioral Health System and
an unknown individual whose first name is DANESH                       DEFENDANTS.

This matter is before the Court on the Motion for Summary Judgment (DE 12) filed by the Defendant UHS of Ridge, Inc. (the "Hospital").

**I.      FACTS.**

In his Complaint, the Plaintiff asserts that, while he was a patient at the Hospital's facility in Lexington, Kentucky, a Hospital employee committed sexual battery by grabbing the Plaintiff's genitals through his clothing. The Plaintiff alleges that the employee's first name is believed to be Danesh and that the Plaintiff believes Danesh was a member of the Hospital's housekeeping or janitorial staff. The Plaintiff asserts a battery claim against "an unknown individual whose first name is Danesh" and against the Hospital.

In its Motion for Summary judgment, the Hospital states that, through its investigation, it has identified the unknown individual as Dinesh Saxena. The Hospital asserts that it has never had any other complaints about Saxena. The Hospital argues it cannot be vicariously liable for any sexual battery committed by Saxena because any such acts would have been outside the scope of his employment.

In its Motion for Summary Judgment, the Hospital asserts, without citation to the evidence in the record, certain additional facts regarding the incident. The Court has not considered these assertions in ruling on the current motion.

**II.     STANDARD.**

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule

56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id.* However, at the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249). The Court is not to judge the evidence or make findings of fact. *60 Ivy Street Corp.,* 822 F.2d at 1435-36. Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

"The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). "The nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris,* 260 F.3d 654, 665 (6th Cir. 2001).

**III.   ANALYSIS.**

In analyzing the Hospital's motion, it is first necessary to understand the Plaintiff's claim.

The Plaintiff asserts that the Hospital is liable for the intentional tort of battery allegedly committed by its employee. Such liability arises through the doctrine of respondeat superior, or vicarious liability, pursuant to which a master is responsible for a tort committed by his servant. *Patterson v. Blair*, 172 S.W.3d 361, 363 (Ky. 2005). An employer can also be held liable for negligent hiring or retention when his employee commits a tort. *See Oakley v. Flor-Shin*, 964 S.W.2d 438, 442 (Ky. App. 2008). But the Plaintiff does not assert a negligence claim against the Hospital. He asserts only that the Hospital is liable for the intentional tort of sexual battery allegedly committed by its employee. (Rec. No. 1, Complaint, §§ 2-3). The Plaintiff's response to the Hospital's Motion for Summary Judgment clarifies that he asserts a claim against the Hospital under the doctrine of respondeat superior and not under negligence principles.

Under the doctrine of respondeat superior, "an employer's liability is limited only to those employee actions committed in the scope of employment." *Patterson*, 172 S.W.3d at 366. In *Patterson*, the Kentucky Supreme Court held that, in determining whether an act is committed within the scope of the employee's employment:

> Kentucky's approach is precisely the standard advanced by Prosser and Keeton when they explained that "in general, ... the master is held liable for any intentional tort committed by the servant where its purpose, however misguided, is wholly or in part to further the master's business.' Prosser and Keeton at 505. Thus, if the servant 'acts from purely personal motives ... which [are] in no way connected with the employer's interests, he is considered in the ordinary case to have departed from his employment, and the master is not liable." *Id*. at 506.

*Id*. at 369 (quoting Prosser and Keeton on the Law of Torts 505-06(5th ed. 1984)).

In *Patterson*, the court explicitly noted that Kentucky has rejected the approach that, in determining whether an act is committed within the scope of employment, the court should "focus[] exclusively on foreseeability and refuse[] to consider motive." *Id*.

4

The court determined that, in that particular case, in order to evaluate whether the employee was acting within the scope of his employment it was necessary to "discuss the applicable facts at length." *Id*. at 371. However, in that case, the plaintiff asserted that the employer car dealership was vicariously liable for the acts of its employee when, after the dealership sought twice to repossess a truck from the plaintiff, the employee saw the plaintiff at a stop light, the employee got out of his car, knocked on the plaintiff's window, demanded that the plaintiff get out, and, when the plaintiff refused, drew a pistol and shot the truck's tires. *Id*. at 363.

The jury found the dealership liable for the acts of its employee under a theory of vicarious liability. In upholding the verdict, the Kentucky Supreme Court cited the employee's testimony that the purpose of his confrontation with the plaintiff was to retrieve "our property" and to repossess the vehicle for the dealership. *Id.* at 371. The court also noted evidence that the dealership had previously repossessed cars. *Id*. at 372. The court determined that the employee was clearly acting to further the business interests of the dealership because he was protecting his employer's property *Id*.

Extensive analysis of any facts regarding the Hospital employee's motive is not necessary in this case. The Plaintiff has charged that the employee janitor or maintenance person grabbed the Plaintiff's genitals and the Court has presumed this allegation to be true. There can be no question that, with such conduct, the employee was acting from purely personal motives that were in no way connected with the Hospital's interests. *See Osborne v. Payne*, 31 S.W.3d 911, 915 (Ky. 2000)(diocese not vicariously liable to husband for acts of priest who engaged in sexual affair with wife of couple to whom he was providing marriage counseling services because "[i]t is beyond question that [the priest] was not advancing any cause of the diocese or engaging in behavior

5

appropriate to the normal scope of his employment").

In response, the Plaintiff appears to argue that the employee's motive may have been to further the Hospital's interest because the employee may have thought the sexual advance would be "therapeutic." However, the Plaintiff has alleged that the employee was a member of the hospital's housekeeping or janitorial staff. Thus, even if his intent was to provide therapy, providing therapy was not within the scope of his employment. Further, there is no set of facts from which a jury could reasonably infer that a hospital janitor who grabbed the genitals of a patient did so in order to further the hospital's interest. Accordingly, the Plaintiff's claim against the Hospital must be dismissed.

The Plaintiff also named as a defendant, "an unknown individual whose first name is Danesh." "Courts generally permit the use of fictitious names when the only way a plaintiff can obtain the name of a defendant who has harmed him is through the discovery process in a case filed against that defendant as an unnamed party." *Plant v. Various John Does*, 19 F.Supp.2d 1316, 1320 (S.D.Fla.1998) (citing *Rodriguez v. City of Passaic*, 730 F.Supp. 1314, 1319 n. 7 (D.N.J.1990)). But, "a district court otherwise prepared to act on dispositive motions is not obligated to wait indefinitely for [the plaintiff] to take steps to identify and serve unknown defendants." *Figueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir. 1998)(quoting *Glaros v. Perse*, 628 F.2d 679, 685 (1st Cir.1980) (internal quotation marks, ellipses, and citation omitted).

The Plaintiff filed his Complaint on April 22, 2008 and it was removed to this Court on May 19, 2008. Discovery is now complete and the Plaintiff has not amended his Complaint to identify the unnamed defendant. In its Motion for Summary Judgment, the Hospital identified the unknown defendant and Plaintiff still has not moved to amend his Complaint to name him. Accordingly, the claim against the unnamed defendant will also be dismissed.

**IV.    CONCLUSION.**

For all these reasons, the Court hereby ORDERS as follows:

1)    The Defendant's Motion for Summary Judgment (DE 12) is GRANTED;

2)    The Plaintiff's claim against the Defendant UHS of Ridge, Inc. is hereby DISMISSED with prejudice;

3)    The Plaintiff's claim against the unknown individual whose first name is Danesh is DISMISSED without prejudice;

4)    the pre-trial, settlement conference, trial dates, and all other dates set in this matter are hereby SET ASIDE; and

5)    this matter is STRICKEN from the active docket.

Dated this 20th day of May, 2009.

Signed By:
*Karen K. Caldwell*
United States District Judge